UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA F. MORGUNOV,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

Defendant.

No. 2:17-cv-1363 DB

ORDER

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues, in part, that the Administrative Law Judge's treatment of the medical opinion evidence and plaintiff's subjective testimony constituted error. For the reasons explained below, plaintiff's motion is granted in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

////

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 12.)

1

# PROCEDURAL BACKGROUND

On August 16, 2013, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") alleging disability beginning on February 1, 2013. (Transcript ("Tr.") at 19.) Plaintiff's alleged impairments included arthritis and varicose veins. (Id. at 204.) Plaintiff's application was denied initially, (id. at 84-86), and upon reconsideration. (Id. at 88-93.)

Thereafter, plaintiff requested a hearing, and a hearing was held before an Administrative Law Judge ("ALJ") on November 3, 2015. (Id. at 31-55.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 31-33.) In a decision issued on November 25, 2015, the ALJ found that plaintiff was not disabled. (Id. at 26.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since February 1, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: bilateral knee osteoarthritis, varicose veins status post ablation therapy, obesity, spur of the right ankle, peripheral vascular disease, hammertoes, degenerative disc disease of the lumbar spine and degenerative joint disease of the left hip (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a). The claimant can lift/carry 10 pounds frequently and occasionally. She can stand walk up to four hours in an eight-hour workday and sit six hours in an eight-hour workday. She can frequently crouch.
>
> 6. The claimant is capable of performing past relevant work (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2013, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 21-26.)

On May 5, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's November 25, 2015 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 2, 2017. (ECF No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

////

3

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following four principal claims: (1) the ALJ improperly found that plaintiff could perform past relevant work; (2) the ALJ failed to consider plaintiff's obesity; (3) the ALJ's treatment of the medical opinion evidence constituted error; and (4) the ALJ improperly rejected plaintiff's subjective testimony. (Pl.'s MSJ (ECF No. 18) at 5-9.[2])

**I.    Past Relevant Work**

The ALJ found that plaintiff's residual functional capacity allowed plaintiff to perform past relevant work as a "receptionist front desk." (Tr. at 25-26.) Plaintiff argues this finding was erroneous because "[n]othing contradicts the evidence that [plaintiff] hadn't performed her sedentary medical receptionist past relevant work since December 1999." (Pl.'s MSJ (ECF No. 18) at 5.)

"At step four, claimants have the burden of showing that they can no longer perform their past relevant work." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). Work performed more than 15 years prior is generally not considered by the Commissioner because a "gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply." 20 C.F.R. § 404.1565(a).

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Despite plaintiff's assertion, there is in fact direct evidence establishing plaintiff performed receptionist work within the last 15 years. In this regard, plaintiff was contacted by the agency on April 29, 2014, regarding plaintiff's past relevant work. Plaintiff explained that from July of 2005, to May of 2006, plaintiff "worked as a medical receptionist for Midtown Medical Center." (Tr. at 74.) Plaintiff explained that the job's "primary responsibilities included greeting patients, answering phone, filing medical charts, making appointments." (Id.)

Accordingly, plaintiff is not entitled to summary judgment on the claim that ALJ improperly found that plaintiff could perform past relevant work.

**II.     Obesity**

Plaintiff argues that the ALJ's "decision handles its severe impairment of obesity inscrutably and unreviewably." (Pl.'s MSJ (ECF No. 18) at 6.) The ALJ must consider a claimant's obesity at steps two through five of the sequential evaluation. SSR 02-1p, 2002 WL 34686281 (2002). Moreover, the ALJ must also consider obesity in combination with the individual's other impairments. Id. Social Security Rule ("SSR") 02-1p directs that "[the ALJ] will not make assumptions about the severity or functional effects of obesity combined with other impairments." Id. Instead, "[the ALJ] will evaluate each case based on the information in the case record." Id.; see also Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003) ("The ALJ was responsible for determining the effect of Celaya's obesity upon her other impairments, and its effect on her ability to work and general health, given the presence of those impairments.").

However, where the record does not contain evidence of a functional limitation due to obesity, or an indication that obesity exacerbated another impairment, the ALJ is not required to consider a claimant's obesity in combination with other impairments. Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005); see also Rocha v. Colvin, 633 Fed. Appx. 894, 897 (9th Cir. 2015) ("The ALJ properly considered Rocha's obesity as the ALJ noted Rocha's obesity in making his determinations. The ALJ noted there was little evidence in the record to suggest Rocha was limited by her obesity.").

Here, the ALJ considered plaintiff's obesity at step two, finding that plaintiff had a Body Mass Index of 39.93, and that plaintiff's obesity was a severe impairment. (Tr. at 21-22.) The

ALJ went on to consider plaintiff's obesity at step three. There the ALJ noted that "[w]hile obesity is no longer a listed impairment, it is a medically determinable impairment, and its cumulative effects must be considered at Step 3." (Id. at 23.) The ALJ found that "the objective medical evidence does not suggest that the cumulative effects of obesity meet the criteria set forth in any section of the Listings of Impairments." (Id.)

The ALJ also considered plaintiff's obesity at steps four and five. There, the ALJ noted that plaintiff was "obese" and that plaintiff's "weight, including the impact on her ability to ambulate as well as her other body systems, has been considered within the functional limitations determined" by the ALJ's decision. (Id. at 24.) Plaintiff argues that while "we are told the decision considered obesity in formulating RFC . . . how this is so is absolutely not explained[.]" (Pl.'s MSJ (ECF No. 18) at 6.)

Plaintiff, however, "has not set forth, and there is no evidence in the record, of any functional limitations as a result of her obesity that the ALJ failed to consider." Burch, 400 F.3d at 684; see also Garcia v. Comm'r of SSA, 498 Fed. Appx. 710, 712 (9th Cir. 2012) (the ALJ's finding that obesity did not impact the RFC was proper where the plaintiff "did not provide any evidence of functional limitations due to obesity which would have impacted the ALJ's analysis") (internal quotation marks omitted); Hoffman v. Astrue, 266 Fed. Appx. 623, 625 (9th Cir. 2008) ("The ALJ's failure to consider Hoffman's obesity in relation to his RFC was proper because Hoffman failed to show how his obesity in combination with another impairment increased the severity of his limitations.").

Accordingly, plaintiff is not entitled to summary judgment on the claim that the ALJ failed to consider plaintiff's obesity.

### III. Medical Opinion Evidence

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or non-examining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant[.]" Lester, 81 F.3d at 830. This is so because a treating

doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the opinion offered by Pavel Polskiy, a treating physician.[3] (Pl.'s MSJ (ECF No. 18) at 6.) On September 3, 2015, Dr. Polskiy completed a "MEDICAL SOURCE STATEMENT-PHYSICAL" form. (Tr. at 467-68.) Dr. Polskiy opined, in part, that plaintiff was limited to lifting and/or carrying less than ten pounds frequently and ten pounds only occasionally. (Id. at 467.) Moreover, plaintiff could stand and/or walk less than two hours in an eight-hour workday. (Id.) Plaintiff could sit less than six hours in an eight-hour workday and required a walker. (Id.)

The ALJ afforded Dr. Polskiy's opinion "less weight." (Id. at 25.) In this regard, the ALJ stated:

////

---

[3] It is unclear if the ALJ found Dr. Polskiy to be an examining physician or a treating physician. "It is not necessary, or even practical, to draw a bright line distinguishing a treating physician from a non-treating physician. Rather, the relationship is better viewed as a series of points on a continuum reflecting the duration of the treatment relationship and the frequency and nature of the contact." Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1038 (9th Cir. 2003) (quoting Ratto v. Secretary, Dept. of Health and Human Services, 839 F.Supp. 1415, 1425 (D. Or. 1993)).

7

> While Dr. Polskiy examined the claimant, his opinion is given less weight, as he indicated that the claimant needs a walker, which is not documented in the medical evidence of record. Further, Dr. Polskiy say (sic) he last saw claimant in September 2015, but this is not documented and claimant was only seen twice in January and June 2015, as well as his opinion is inconsistent with documented conservative care.

(Id. at 25.)

That is the extent of the ALJ's discussion of Dr. Polskiy's opinion. Aside from explaining that use of a walker was unsupported by the record, the ALJ does not explain with any specificity why Dr. Polskiy's opined limitations should be rejected in favor of those found by the ALJ.

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

Defendant's motion for summary judgment attempts to provide the reasoning lacking in the ALJ's decision. (Def.'s MSJ (ECF No. 21) at 17-22.) However, the court may not speculate as to the ALJ's findings or the basis of the ALJ's unexplained conclusions. See Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are constrained to review the reasons the ALJ asserts."); Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

////

////

////

8

Accordingly, the court finds that the ALJ failed to offer specific and legitimate, let alone clear and convincing, reasons supported by substantial evidence for rejecting Dr. Polskiy's opinion. Plaintiff is, therefore, entitled to summary judgment on the claim that the ALJ's treatment of the medical opinion evidence constituted error.

**IV.     Plaintiff's Testimony**

Finally, plaintiff challenges the ALJ's treatment of plaintiff's subjective testimony. (Pl.'s MSJ (ECF No. 18) at 9.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[4] Valentine v. Commissioner Social Sec. Admin., 574

---

[4] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to

9

F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ recounted plaintiff's testimony as follows:

> The claimant alleges disability due to varicose veins and arthritis in the knee, lower back and feet. She testified she has improved since the vein procedure was performed but can only sit, stand or walk for limited periods due to pain. She also indicated that she could not go from sitting to standing and thus could not perform her past receptionist work. She also testified she had no skills to perform the medical reception job anymore, and she cannot learn anything new. She worked for IHSS caring for her parents doing cleaning, cooking, washing, taking them to doctor appointments before they passed away. She also had other client (sic) before her parents, doing the same type of work. She has had knee injections that she testified helps to alleviate her symptoms. She tries to be active and walks as much as she can, reads, watches movies sometimes, does a little sewing, attends church and goes grocery shopping.

(Tr. at 23-24.)

The ALJ found that found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely credible[.]" (Id. at 24.) One reason given by the ALJ in support of this finding was that plaintiff's treatment

////

---

produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted). The ALJ's decision here, however, was issued on November 25, 2015, prior to the implementation of SSR 16-3p.

had "been conservatively limited to over-the-counter medication, pain medication and injections." (Id.)

"[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007); see also Hanes v. Colvin, 651 Fed. Appx. 703, 705 (9th Cir. 2016) ("the ALJ supported his conclusion with evidence of Hanes's conservative treatment plan, which consisted primarily of minimal medication, limited injections, physical therapy, and gentle exercise"). And the record establishes that plaintiff's prescribed pain medication consisted essentially of Ibuprofen and knee injections. (Tr. at 40, 43, 206, 413.)

The ALJ also rejected plaintiff's testimony because it conflicted with "medical opinions that show that the claimant has considerable work-related abilities despite her impairments." (Tr. at 24.) "[A]fter a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of" the impairment. Burch, 400 F.3d at 680. Nonetheless, lack of medical evidence is a relevant factor for the ALJ to consider in her credibility analysis. (Id. at 681.) Here, the ALJ did not reject plaintiff's testimony based solely on a lack of medical evidence, but on the lack of medical evidence and the conservative nature of plaintiff's treatment.[5]

Accordingly, the court finds no error with respect to the ALJ's treatment of plaintiff's subjective testimony.

////

---

[5] The other reason given by the ALJ for rejecting plaintiff's testimony was plaintiff's "good activities of daily living." (Tr. at 24.)

> The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012).

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled and the court cannot say the further administrative proceedings would serve no useful purpose. Accordingly, this matter will be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (ECF No. 21) is granted in part and denied in part;

////

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: September 14, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\morgunov1363.ord

13